# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SYEDA MCCLOUD, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. |
| DEAN J. ANDERSON GROUP INC., | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SYEDA MCCLOUD, by and through her attorneys, alleges the following against Defendant, DEAN J. ANDERSON GROUP INC.:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

### PARTIES

5. Plaintiff is a natural person residing in the City of Savannah, Chatham County, State of

Georgia.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a is a Delaware business corporation and national debt collection agency headquartered in the City of Delaware, New Castle County, State of Delaware.

10. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid ADT, Inc., *doing business as* ADT Security Services account.

16. The alleged debt owed arises from transactions for personal, family, and household purposes.

17. In or around July 2020, Defendant began calling Plaintiff on Plaintiff's cellular telephone at 912-755-1466 in an attempt to collect the alleged debt.

18. Defendant calls Plaintiff from several numbers, including 404-496-4290 and 206-338-3010, which are two of Defendant's telephone numbers.

19. In or around July 2020, Plaintiff answered one of Defendant's collection calls.

20. During the above-referenced collection call:

    a. Defendant's collector told Plaintiff that he was calling to verify Plaintiff's address, so that Defendant could serve Plaintiff with court documents;

    b. Plaintiff inquired what Defendant's collector was calling about; and

    c. Defendant's collector responded by providing Plaintiff with a case number (305510) and another telephone number for Plaintiff to call, 866-725-0927, which is another of Defendant's telephone numbers, for additional details.

21. Plaintiff then called 866-725-0927 and spoke with another of Defendant's collectors, who confirmed that Defendant was attempting to collect $1,200.00 from Plaintiff for an alleged ADT Security Services debt.

22. Defendant also leaves voicemail messages for Plaintiff.

23. With regard to the above-referenced voicemail messages:

    a. Defendant's collector, who identified herself as Beverly failed to disclose that the calls are from Dean J. Anderson Group, Inc.;

    b. Defendant's collector also failed to disclose that the calls were made in an attempt to collect a debt;

    c. Defendant's collector provided 866-725-0927 as her callback number—which is one of Defendant's telephone numbers; and

    d. Defendant's collector made vague and veiled threats of legal action.

24. To date, Defendant has not filed suit against Plaintiff.

25. Defendant has never intended to sue Plaintiff.

26. Defendant's unlawful and empty threats were calculated to frighten Plaintiff and coerce Plaintiff to pay the alleged debt.

27. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owes.

28. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's voicemail messages failed to disclose that the calls were from Dean J. Anderson Group, Inc.;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

    d. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the

  character, amount, or legal status of any debt when Defendant's collectors made unlawful and empty threats to Plaintiff of legal action;

e. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collectors made unlawful and empty threats to Plaintiff of legal action;

f. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collectors made unlawful and empty threats to Plaintiff of legal action;

g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

h. Defendant violated § 1692e(11) of the FDCPA when Defendant left Plaintiff voicemail messages that did not state that the communications were made in an attempt to collect a debt; and

i. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, SYEDA MCCLOUD, respectfully requests judgment be entered against Defendant, DEAN J. ANDERSON GROUP INC., for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

                                                 RESPECTFULLY SUBMITTED,

DATED: December 01, 2020        By: /s/ Shireen Hormozdi

                                                    Shireen Hormozdi
                                                    Hormozdi Law Firm, LLC
                                                    1770 Indian Trail Lilburn Road, Suite 175
                                                    Norcross, GA 30093
                                                    Tel: 678-395-7795
                                                    Fax: 866-929-2434
                                                    shireen@agrusslawfirm.com
                                                    shireen@norcrosslawfirm.com
                                                    Attorney for Plaintiff